IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-06-34-C |
| ) | Case Number CR-00-74-C |
| RONNIE GERALD WIGGINS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant filed the present action pursuant to 28 U.S.C. § 2255, arguing his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924, was unconstitutional because it punished him for crimes which were not charged in the Indictment. Defendant filed a Supplemental Motion seeking to raise his claims pursuant to 28 U.S.C. § 2241 and/or 28 U.S.C. § 1651. At the direction of the Court, Plaintiff filed a Response and this matter is now at issue.

Defendant's motion will be denied. At the outset, it is clear that Defendant's motion is time barred. Defendant's Judgment of Conviction was entered on November 9, 2000. Defendant filed an appeal. The Tenth Circuit denied the appeal and mandate issued on March 18, 2002. In pertinent part, 28 U.S.C. § 2255 states: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -- (1) the date on which the judgment of conviction becomes final; . . ." Here, Defendant did not file a petition for certiorari with the Supreme Court. Therefore, his conviction became final 90 days on June 17, 2002. Defendant did not file the present motion until January 12,

2006, well after the one-year limitation period set forth by § 2255. See United States v. Burch, 202 F.3d 1274 (10th Cir. 2000), noting agreement with Kapral v. United States, 166 F.3d 565 (3rd Cir. 1999), wherein the Third Circuit stated:

> [W]e hold that a "judgment of conviction becomes final" within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires.

Id. at 577. Thus, Defendant's § 2255 claim is untimely and subject to dismissal on that basis. Defendant has not offered any argument suggesting the limitations period was tolled and no evidence supporting such a claim is evident from the pleading. Indeed, Defendant's stated basis for seeking relief pursuant to § 2241 or § 1651 is his realization that his § 2255 motion is untimely. Generally, before dismissing a claim as untimely, the Court must give notice and an opportunity to show that some form of tolling should apply. See Hines v. United States, 971 F.2d 506 (10th Cir. 1992). Here, however, no such notice is necessary because Defendant's § 2255 claim faces an additional fatal obstacle.

Defendant's motion asserts that his conviction is invalid because in imposing his sentence the Court relied on prior convictions and those convictions were not alleged in the Indictment. Thus, Defendant argues, his sentence is unconstitutional. Fatal to Defendant's argument is the Tenth Circuit's holding in United States v. Moore, 401 F.3d 1220 (10th Cir. 2005). Noting that Almendarez-Torres v. United States, 523 U.S. 224 (1998), remained valid despite arguments to the contrary, the Circuit stated: "We therefore conclude that the

government need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury." Moore, 401 F.3d at 1224. Thus, Defendant's argument is without merit.

As noted above, Defendant filed a Motion to Supplement arguing because his § 2255 motion may be time barred, his claim should be amended to seek relief under 28 U.S.C. § 2241 or 28 U.S.C. § 1651. Defendant's motion will be denied. Initially, the Court notes it has no jurisdiction to consider the § 2241 motion as that motion must be brought in the district where Defendant is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.") (citing United States v. Scott, 803 F.2d 1095, 1096 (10th Cir.1986)). Because Defendant is confined in Colorado, he must pursue any relief pursuant to § 2241 in the appropriate district court in that state.

To the extent Defendant seeks relief pursuant to 28 U.S.C. § 1651, his motion must fail. Defendant fails to specify what type of writ he seeks pursuant to § 1651. Regardless of the specific type sought, issuance of any writ is warranted only in extraordinary circumstances and where no other relief is available. Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 245 (1964) ("Extraordinary writs are 'reserved for really extraordinary causes,'") (quoting Ex parte Fahey, 332 U.S. 258, 260 (1947)). To the extent Defendant seeks relief pursuant to a writ of coram nobis or audita querela the Tenth Circuit has clearly foreclosed those avenues. "[A] prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis. . . . Similarly, a writ of audita querela

'is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255.'" United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002) (internal citations omitted).

As set forth more fully herein, Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. Nos. 51 and 1) is DENIED.  Defendant's Motion to Supplement Jurisdiction of the Court (Dkt. No. 57) is DENIED.  Defendant's Motion for Appointment of Counsel (Dkt. No. 53) is DENIED.  A separate judgment will issue.

IT IS SO ORDERED this 7th day of March, 2006.

ROBIN J. CAUTHRON
United States District Judge